UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Raymond D. Pickens,<br>Plaintiff,<br><br>v.<br><br>Hendrick Automotive Group, LLC d/b/a<br>Rick Hendrick CDJR,<br>Defendant. | CASE NO.: <u>2:26-cv-3161-BHH-MGB</u><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* and racial discrimination under 42 U.S.C. §1981.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about May 6, 2026.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Raymond D. Pickens, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Hendrick Automotive Group, LLC d/b/a Rick Hendrick CDJR, upon information and belief, is a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

1

7.   The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or about August 2022, the Plaintiff, African American, began working for the Defendant as a Lead Lube Technician and more recently as a Used Car Technician.

11. The Plaintiff was subjected to discrimination on the basis of his race beginning on or about July 5, 2023, when Plaintiff was told not to play music with certain words in it, but his similarly situated Caucasian co-workers were allowed to play the same music and songs without interference.

12. Plaintiff reported the difference in treatment as discriminating behavior; however, Defendant did not take appropriate action to resolve the problems raised by Plaintiff.

13. The Plaintiff reported the discrimination and inappropriate behavior to his supervisor.  The Defendant then began to harass and retaliate against the Plaintiff due to his race and his report of discrimination.

14. The Plaintiff's supervisor told him to perform a repair on a car that the Plaintiff was not trained to do, and when Plaintiff told his supervisor that he was not trained on those assignments, Plaintiff was sent home.

15. On or about October 17, 2023, the Plaintiff was singled out when he was told to take everything off the top of his toolbox, and then the next day Plaintiff was told that he needed to clean and remove every tool that he used at the end of the day.  No one else was given these instructions, only the Plaintiff.

16. On or about October 23, 2023, five (5) vehicles were stolen from the Defendant's lot. Plaintiff's supervisor asked Plaintiff, in front of Plaintiff's co-workers, if he was the one that stole the cars, to which everyone laughed.  Defendant did not give that type of car to Plaintiff again to work on.

17. The Plaintiff reported the discrimination to Defendant's Human Resources Representative, Ashley Phillips, but nothing was done.

18. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

19. Plaintiff was then constructively discharged in or around December 2023, as the treatment of Plaintiff continued and only got worse after he reported the discrimination.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Civil Rights Act of 1964 - Racial Discrimination - Title VII

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race and/or color in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.     In failing to continue to employ Plaintiff due to his race and/or color;

   b.     In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c.     In discharging Plaintiff due to his race and/or color and in retaliation for reporting the discrimination and inappropriate behaviors.

23. That in failing to protect Plaintiff from racial discrimination, disparate treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

24. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing racial discrimination, disparate treatment and retaliation to exist in the workplace.

25. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race and/or color, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

26. Defendant's employment discrimination and retaliation of Plaintiff have caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

27. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

28. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

29. Once Plaintiff asserted his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

30. That the aforesaid discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

31. As a direct and proximate result of the acts and practices of Defendant in creating a hostile environment in the workplace, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life and other past and future losses.

32. That the aforesaid employment discrimination, disparate treatment, and inappropriate behaviors by the Defendant, its agents and servants, constitutes a violation of a clear mandate under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

**FOR A SECOND CAUSE OF ACTION**
**Retaliation**

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

35. That Plaintiff's complaints were made in good faith and constituted protected activity under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

36. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

37. The Defendant's stated reason for retaliation and wrongful discharge was mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

38. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been constructively discharged.

4

39. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

40. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

41. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

42. The Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

43. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

44. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have his lost wage amount doubled against the Defendant.

### FOR A THIRD CAUSE OF ACTION
### Hostile Work Environment

45. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

46. Once Plaintiff asserted his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act, Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

47. That the aforesaid discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

48. As a direct and proximate result of the acts and practices of Defendant in creating a hostile environment in the workplace, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life and other past and future losses.

5

## REQUEST FOR RELIEF

49. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

50. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

51. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1.  Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2.  Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.  Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4.  Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact said amount to be doubled; and

5.  Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. ID# 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
July 31, 2026

6